UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUL 19 PM 2:58

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| ST. BERNARD CITIZENS FOR BETTER GOVERNMENT, HENRY BALLARD, JR., SANDRA H. SMITH, KATHLEEN H. PRIDE, LIONEL I. SMITH, SR., AND JAMES TUCKER, JR.<br><br>PLAINTIFFS,<br><br>VERSUS<br><br>THE ST. BERNARD PARISH SCHOOL BOARD, FRANK AUDERER, JR., Individually and as Superintendent of the ST. BERNARD PARISH SCHOOL BOARD; HERMAN J. BONNETTE, SR., WILLIAM H. EGAN, LYNETTE R. DiFATTA, SHARON A. HANZO, JOSEPH V. LONG, SR., DR. HUGH C. CRAFT, DIANA B. DYSART, MAX L. SHANEYFELT, CLIFFORD M. ENGLANDE, RONALD J. NICOSIA, AND DONALD D. CAMPBELL, Individually and as Members of the ST. BERNARD PARISH SCHOOL BOARD,<br><br>DEFENDANTS. | CIVIL ACTION<br>NUMBER: 02-2209<br><br>SECTION:<br><br>CLASS ACTION<br><br>SECT. C MAG. 4 |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Jurisdiction

1. This is a suit in equity under Section 2 of the Voting Rights Act of 1965, and the Voting Rights Act Amendments of 1982, 42 U.S.C. 1973, 42 U.S.C. 1983, and the Fourteenth and Fifteenth Amendments to the United States Constitution for declaratory and injunctive relief against the 2000 St. Bernard Parish School Board Redistricting Plan, Parish of St. Bernard, State of Louisiana.

-1-

2.	This Court has jurisdiction over this action pursuant to 42 U.S.C. 1973j(f) and 28 U.S.C. 1331, 1343, 1344, 2201 and 2202.

Parties

3.	Plaintiffs herein are:

    a.	St. Bernard Citizens For Better Government is an unincorporated association of citizens of the Parish of St. Bernard concerned with the civil rights of black citizens and whose individual members are injured by the new redistricting plan complained of herein.

    b.	Henry Ballard, Jr., Sandra H. Smith, Kathleen H. Pride, Lionel I. Smith, Sr., and James Tucker, Jr. are black citizens of the United States and of the State of Louisiana. They are residents of the Parish of St. Bernard and are registered to vote there.

4.	Defendants herein are:

    a.	St. Bernard Parish School Board, a governmental body organized under the laws of the State of Louisiana. It is authorized to manage and operate the school system for St. Bernard Parish.

    b.	Frank Auderer, Jr., Superintendent and Chief Administrative Officer of the St. Bernard Parish School Board; he is sued both in his individual and official capacity;

    c.	Herman J. Bonnette, Sr., William H. Egan, Lynette R. DiFatta, Sharon A. Hanzo, Joseph V. Long, Sr., Dr. Hugh C. Craft, Diana B. Dysart, Max L. Shaneyfelt, Clifford M. Englande, Ronald J. Nicosia, and Donald D. Campbell, school board members for the Parish of St. Bernard; they are sued both in their individual and official capacity.

5.	At all revelant times set out herein, defendants were and have been acting under the color of the statutes, ordinances, regulations, custom and usuages of the State of Louisiana and the Parish of St. Bernard.

## Class Action Allegations

6. Plaintiffs bring this action on their own behalf and pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure, as a class action on behalf of those similarly situated. Members of the class include:

   a. All present and future black citizens and voters of the Parish of St. Bernard whose voting strength will be diluted by the 2000 St. Bernard Parish School Board Redistricting Plan in the Parish of St. Bernard. b. All present and future black candidates for office of School Board member for the Parish of St. Bernard.

## Numerosity

7. The members of the class are so numerous that joinder of all members is impracticable. According to the 2000 census, the black population of St. Bernard Parish is 5,122 and the black voting age populational is 3,243. The number of black citizens, voters and candidates for the School Board who are presently affected and who may be affected in the future is indeterminable.

## Common Questions of Law and Fact

8. The following issues, are common questions of law and fact.

   a. The legality of election districts which result in the dilution of the voting strength of black voters .
   b. The nature of the relief to be awarded, to wit: the geographic configuration of the voting districts to be devised such that the voting strength of black voters will not be diluted.
   c. The nature and extent of racial discrimination against black citizens in and by the Parish of St. Bernard such that blacks have been and continue to be denied equal access to voting, services, education, employment and continue to bear the effects of such discrimination.

### Typicality

9. The discrimination and dilution of voting strength is experienced by black citizens and voters of the Parish of St. Bernard as a class. The 2000 St. Bernard Parish School Redistricting Plan discriminates against other black citizens and voters of the Parish of St. Bernard in a manner wholly similar to that from which plaintiffs suffer.

### Adequacy of Representation

10. Plaintiffs have been injured in the same way as the other members of the class. The relief sought by plaintiffs will be one of benefit to the class members in eradicating the dilution of voting strength endemic to the new redistricting plan.

### Injunctive and Declaratory Relief

11. In diluting black voting strength, defendants' 2000 Redistricting Plan apply generally to the class, thereby making appropriate the final injunctive relief sought herein by plaintiffs.

### Facts

12. According to the 2000 census, the population of the Parish of St. Bernard is 67,229 persons, of whom 59,356 (88.29%) are white and 5,122 (7.62%) are black; the total voting age population (18-64) of the Parish of St. Bernard is 50,274 persons, of whom 45,194 (89.90%) are white and 3,243 (6.452%) are black.

13. Currently, the St. Bernard Parish School Board is governed by a Superintendent and eleven (11) members, each of whom are elected from eleven (11) single-member districts. The 2000 St. Bernard Parish School Board Redistricting Plan has five single member districts and two at large districts.

14. According to the 2000 census, the black population of St. Bernard Parish is most heavily concentrated in the Violet Area (Precincts 44 and 51).

15. The 2000 St. Bernard Parish School Redistricting Plan was adopted on February 26, 2002. The size of each district is approximately 13,446. This School Board District plan fragments and splits up black population concentrations, and combines black population concentrations with more populous white population concentrations, thereby diluting and cancelling out minority voting strength.

16. The State of Louisiana and St. Bernard Parish have a long history of official purposeful discrimination against and disenfranchisement of qualified black voters, denying them the opportunity to register to vote, to vote, and otherwise participate in the democratic process.

17. Voting in the Parish of St. Bernard is and has been racially polarized in elections in which a black candidate has run for office, with white voters generally voting for white candidates and black voters voting for black candidates.

18. No black has ever been elected to the School Board or to any other parochial office.

19. Blacks are virtually unrepresented on the School Board and white officials are not responsive to the particular needs, interests and concerns of the black community. This lack of representation is more egregious for the fact that although blacks comprise only 7.62% of the population the enrollment figures from 2001-2002 show that the blacks comprise 15.51% of the school population.

20. Black citizens of the Parish of St. Bernard have long suffered from and continue to suffer from the results and effects of invidious racial discrimination in education, employment, economics, health, politics and other areas.

21. The period established by law for qualifying for candidacy as a member of the School Board begins on August 21, 2002. The election for School Board members will be held on October 5, 2002 and the members who are elected will serve for four years.

22. By virtue of the foregoing the 2000 St. Bernard Parish School Board Redistricting Plan will cause irreparable injury to plaintiffs and members of the plaintiff class by denying them an equal opportunity to participate in the political process and to elect candidates

of their choice to public office. Plaintiffs have no plain, speedy or adequate remedy at law. Unless restrained and enjoined by this court, defendants will continue to deny plaintiffs and those similarly situated their rights.

### First Cause of Action

23.     By virtue of the foregoing, the 2000 St. Bernard Parish School Board Redistricting Plan has been imposed or applied by defendants in a manner which results in a denial or abridgement of the rights of plaintiffs and those similarly situated to vote on account of race or color and, as a result, black citizens have less opportunity than white citizens to participate in the political process and to elect candidates of their choice, all in violation of rights secured to plaintiffs by Section 2 of the Voting Rights Act of 1965, and the Voting Rights Act Amendments of 1982, 42 U.S.C. 1973, 42 U.S.C. 1983.

### Second Cause of Action

24.     By virtue of the foregoing, the 2000 St. Bernard Parish School Board Redistricting Plan has been adopted for the discriminatory purpose of diluting, minimizing and cancelling out black voting strength in violation of the rights of plaintiffs and others similarly situated secured by the Fourteenth and Fifteenth Amendments to the United States Constitution and 42 U.S.C., 1983.

### Relief

WHEREFORE, plaintiffs pray that this Court set this matter down for expedited and speedy hearing, and upon which hearing:

(a)     Declare that the 2000 St. Bernard Parish School Board Redistricting Plan dilute black voting strength and deny to plaintiffs and those similarly situated their rights secured by Section 2 of the Voting Rights Act of 1965, and the Voting Rights Act Amendments of 1982, 42 U.S.C. 1973, by the Fourteenth and Fifteenth Amendments to the United States Constitution, and 42 U.S.C. 1983.

(b)     Grant preliminary and permanent injunctive relief restraining and enjoining defendants, their officers, agents and employees, attorneys and successors in office, and all persons in active concert with them, from any further implementation or enforcement of, and from holding any

primary or general elections under the 2000 Redistricting Plan for members to the School Board of St. Bernard Parish.

(c)     Order into effect a plan for the election of members to the School Board for the Parish of St. Bernard which provides plaintiffs and others similarly situated with a remedy for the violation of their rights as described above.

(d)     Grant plaintiffs their costs of court, necessary expenses of litigation, and reasonable attorney fees as provided by 42 U.S.C. 1973 and 1(e) and 1988.

(e)     Grant plaintiffs such other relief as may be just and equitable.

By:     *Ronald L. Wilson*
RONALD L. WILSON
Bar Roll Number   13575
National Bank of Commerce Building
210 Baronne Street
New Orleans, LA 70112
Phone: 525-4361